Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS RACIOPPE,<br><br>*Plaintiff,*<br><br>v.<br><br>VERONA BOARD OF EDUCATION, et al.,<br><br>*Defendants.* | Civil Action No. 18-13308<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Louis Racioppe ("Plaintiff" or "Racioppe"), a former football coach at Verona High School ("VHS"), alleges that Defendants mishandled an investigation into Racioppe's treatment of VHS football players and terminated his employment without due process. Defendants are the Verona Board of Education (the "Board"); Rui Dionisio, Superintendent of the Board; John Quattrocchi, a member of the Board; Michele Bernardino, a member of the Board; and Josh Cogdill, Principal of VHS.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint (the "Am. Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 11. Plaintiff filed a brief in opposition (D.E. 12) to which Defendants replied (D.E. 14).[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to

---

[1] Defendants' brief in support of their motion (D.E. 11-2) will be referred to as "Defs. Br.";
Plaintiff's Opposition (D.E. 12) will be referred to as "Plf. Opp."; and Defendants' reply (D.E. 14)
will be referred to as "Defs. Reply".

dismiss is **GRANTED** as to Count One. Although the Complaint does not appear to be plausibly pled as to all counts, subject matter jurisdiction is based solely on Count One. The Court will provide Plaintiff leave to amend. Alternately, if Plaintiff chooses, he can notify the Court that he does not plan to file an amended complaint with a federal question, in which case the Court will remand the matter to the Superior Court of New Jersey.

## I.   FACTUAL[2] & PROCEDURAL BACKGROUND

Plaintiff had been the head football coach at VHS for twenty years and is a member of the New Jersey High School Coaches Hall of Fame. Am. Compl. ¶¶ 9-10. On October 10, 2017, Plaintiff received a telephone call from Defendant Cogdill advising Plaintiff that the day's football practice had been cancelled and that Plaintiff had been placed on administrative leave effective immediately. *Id.* ¶ 19. Plaintiff alleges that he was not provided with details as to why he was placed on administrative leave and that; as of the time he filed the Amended Complaint, he still did not have such knowledge. *Id.* ¶¶ 22, 24. The same day, members of the VHS football team were each given a questionnaire to complete, and individually questioned about Plaintiff and the VHS coaching staff. *Id.* ¶¶ 25, 30. 61. Between October 11 and 14, 2017, the VHS assistant football coaches were questioned by Cogdill. Plaintiff then met with Cogdill on October 23, 2017. *Id.* ¶¶ 44-49. Plaintiff alleges, upon information and belief, the investigation was initiated after a parent lodged a complaint about Plaintiff's coaching conduct. *Id.* ¶¶ 36-37. Plaintiff adds that Dionisio planned the investigation because of a personal vendetta against Plaintiff, and Cogdill conspired with Dionisio to suspend Plaintiff from his coaching position. *Id.* ¶¶ 38-39.

Once the interviews were complete, the Board reviewed the information, and on October

---

[2] The Court draws the following facts from Plaintiff's Amended Complaint, which are taken as true for the purposes of the current motion. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

30, 2017 held a private meeting to discuss the investigation. *Id.* ¶¶ 50-57. Immediately after the private meeting, the Board held a public meeting. During the public meeting on October 30, Plaintiff contends that Quattrocchi made untrue statements about Plaintiff with the intent of disparaging Plaintiff's reputation. *Id.* ¶ 60. Plaintiff does not indicate what the statements were or how they harmed his reputation. Around the same time, Defendant Bernardino had Facebook communications with Verona residents concerning the investigation of Plaintiff and assistant coaches. *Id.* ¶ 77. Plaintiff adds that "Bernardino addressed the allegations [about Plaintiff] in public forums and social media all to Plaintiff's detriment." *Id.* ¶ 79. Plaintiff, however, fails to indicate the substance of the communication or how they inured to his detriment.

Next, on November 4, 2017, Quattrocchi sent a press release on behalf of the Board that stated that the Board had completed an investigation regarding allegations brought against Plaintiff and the VHS assistant coaches. *Id.* ¶ 61. Plaintiff alleges that despite the confidential nature of the investigation, Quattrocchi released a portion of the investigation results to the public, and that Defendant knew that Plaintiff's reputation would be harmed by the partial release. *Id.* ¶ 62. Again, the Amended Complaint does not indicate what was actually released or how it harmed Plaintiff's reputation. Plaintiff also asserts that Quattrocchi suggested to the public that the investigation was confidential, and that Plaintiff was blocking the results of the investigation to the public. *Id.* ¶¶ 67-68.

Plaintiff remained on leave through the end of the 2017 football season. *Id.* ¶ 23. In January 2018, Plaintiff filed a grievance against Defendants with the New Jersey School Ethics Commission. *Id.* ¶ 84. Soon after, Plaintiff, who was hired pursuant to a one-year contract, was advised not to submit his name for consideration as head football coach for the 2018 season. *Id.* ¶ 85, 103. As a result, Plaintiff did not submit his name and was not re-hired. *Id.* ¶ 86.

Plaintiff filed his Complaint on August 14, 2018 in the Superior Court of New Jersey. *See* Notice of Removal ¶ 2. The Complaint asserted a § 1983 claim alleging that Defendants violated Plaintiff's procedural due process rights and multiple state law claims. On August 29, 2018, Defendants removed the matter to this Court on this basis of Plaintiff's § 1983 claim. *Id.* ¶ 3. Defendants then filed a motion to dismiss the Complaint for failure to state a claim on September 21, 2018. D.E. 4, 5. Plaintiff did not oppose the motion; rather on October 29, 2018, Plaintiff filed the Amended Complaint. Like the initial Complaint, the Amended Complaint asserts a § 1983 procedural due process claim, in addition to five state-law based claims. D.E. 9. On October 31, 2018, the Court terminated Defendants' first motion to dismiss without prejudice, with the right to re-file the motion as to the Amended Complaint. Defendants then filed the current motion to dismiss. D.E. 11.

## II.     STANDARD OF REVIEW

Defendants seek to dismiss the Amended Complaint, in its entirety, pursuant to Rule 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of

the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

### a. § 1983 Claim (Count One)

In Count One, Plaintiff asserts a § 1983 procedural due process claim. Am. Compl. ¶ 103. § 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. § 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a § 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). A § 1983 procedural due process claim requires a plaintiff to show that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).

5

At the outset, Plaintiff appears to plead that his due process rights stem from the New Jersey Anti-Bullying Bill of Rights Act (the "Anti-Bullying Act"), N.J.S.A. 18A:37-15, *et seq*. Am. Compl. ¶¶ 90-91. The Anti-Bullying Act "does not create or alter any tort liability." N.J.S.A. 18A:37-37. "[T]here can be no doubt that claims brought pursuant to § 1983 sound in tort." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). Accordingly, the Court does not construe the Anti-Bullying Act as creating heightened due process requirements under the Fourteenth Amendment. *See Dunkley v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, 216 F. Supp. 3d 485, 495 (D.N.J. 2016) (rejecting the plaintiff's attempt to include due process claims within an alleged violation of the Anti-Bullying Act).[3]

Plaintiff alleges that he has a protectable liberty interest in his reputation. Am. Compl. ¶ 103. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). However, "reputation *alone* is not an interest protected by the Due Process Clause." *Hill*, 455 F.3d at 236 (quoting *Versarge v. Township of Clinton*, 984 F.2d 1359, 1371 (3d Cir. 1993)) (emphasis in original). Thus, "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Id.* (emphasis in original); *Sturm v. Clark*, 835 F.2d 1009, 1012 (3d Cir. 1987) ("[M]ere damage to reputation, apart from the impairment of some additional interest previously recognized under state law, is not cognizable under the due process clause."). In other words, this "stigma-plus" test provides that "reputation damage is not actionable unless 'it occurs in the course of or is accompanied by a change or extinguishment of a

---

[3] To the extent that Plaintiff believes Defendants failed to comply with the specific due process requirements established by the Anti-Bullying Act, such claims are better suited to an administrative law proceeding.

right or status guaranteed by state law or the Constitution.'" *D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, 552 F. App'x 110, 113 (3d Cir. 2014) (quoting *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989)).

A plaintiff satisfies the stigma-plus test within the context of public employment "when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination." *Hill*, 455 F.3d at 236 (quoting *Codd v. Velger*, 429 U.S. 624, 628 (1977)). Thus, the false impression is the stigma and the termination is the plus. *Id.* To satisfy the 'stigma' prong, "it must be alleged that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false." *Id.* (internal citations omitted). As for the discharge prong, "a public employee who is defamed in the course of being terminated or constructively discharged satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost." *Id.* If the public employee satisfies the stigma-plus test, "the employee is entitled to a name-clearing hearing." *Id.*

In *Hill*, the Third Circuit determined that the plaintiff adequately alleged the stigma prong of the stigma-plus test. The plaintiff, the former borough manager, alleged that the defendant made false statements in newspaper article regarding the plaintiff's "reckless handling" of money and of his "irregular or illegal allocation of funds." *Id.* at 231. The complaint also alleged that the defendant made similar false statements during borough council meetings, in addition to false statements about the plaintiff's "corrupt and criminal" involvement of certain borough appointments. *Id.* The plaintiff in *Hill* further alleged that these statements "tarnished his reputation and subjected him to scorn and ridicule." *Id.* at 236-37.

Here, Plaintiff fails to plead sufficient facts as to any false and public statements that were actually made by any Defendant. Plaintiff alleges that during an interrogation, a student said that

Plaintiff told another player to "go kill yourself." Am. Compl. ¶ 71. Plaintiff denies making such a statement and the parent of the student who Plaintiff allegedly made the comment to "unequivocally denied that such a statement had been made." *Id.* ¶ 72. Although Plaintiff faults Defendants for failing to help Plaintiff clear his name in light of the false statement, the Amended Complaint does not specifically allege that any false statements were made.

Plaintiff alleges that at the public Board meeting on October 30, 2017, Defendant Quattrocchi "made disparaging remarks about Plaintiff that Quattrocchi knew or should have known were untrue. The remarks were made with intentions to disparage Plaintiff's reputation." Am. Compl. ¶ 60. But Plaintiff fails to indicate what statements Quattrocchi actually made. These conclusory allegations are not sufficient to satisfy the stigma prong. *See, e.g., Berkery v. Wissahickon Sch. Dist. Bd. of Dirs.*, 628 F. App'x 109, 111 (3d Cir. 2015) (affirming dismissal of procedural due process claim where the complaint pled that defendant "repeated her false version of facts to her office staff" and failed to further "give details of any false statements made about her"). Plaintiff further alleges that "Defendant Quattrocchi repeatedly made public statements . . . referring to a statement falsely attributed to Plaintiff and which Quattrocchi knew was falsely attributed to Plaintiff" to the effect of "if you only knew" and "if I could only tell you." *Id.* at ¶ 70. Plaintiff, however, does not plead that these vague statements were false. *See, e.g., Lockett v. Pa. Dept. of Corr.*, 529 F. App'x 294, 296 (3d Cir. 2013) (concluding that statement that prison was "moving in a 'new direction'" was not actionable because it was not substantially or materially false). Finally, the Amended Complaint avers that Bernardino engaged in Facebook communications regarding Plaintiff and conducted "off the record" conversations with members of the public about Plaintiff. But the Amended Complaint does not allege that any of Bernardino's statements were false or made publicly. More fundamentally, Plaintiff fails to indicate the

substance of the statements. Thus, these statements are also not actionable. *See, e.g., Khan v. City of Paterson*, No. 17-5006, 2018 WL 2059550, at *8 (D.N.J. May 2, 2018) (dismissing plaintiffs' Section 1983 procedural due process claim without prejudice because plaintiffs did "not adequately explain how [the defendants'] statements were defamatory."). As a result, Plaintiff fails to satisfy the "stigma" prong and Plaintiff cannot meet the stigma-plus test. Plaintiff, therefore, fails to state a claim under Section 1983 for deprivation of his procedural due process rights. Accordingly, Count One is dismissed without prejudice.

### b. State-Law Based Claims[4]

In order to adjudicate a case, a federal court must have either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). Here, the parties are not diverse. *See* Am. Compl. ¶¶ 1-6 (alleging that all parties are citizens of New Jersey). Instead, as noted above, the Court's federal question jurisdiction is based on Plaintiff's § 1983 claim. *See Rockefeller*, 424 F. App'x at 83 (federal question jurisdiction arises when a federal court has subject matter jurisdiction arising under "the Constitution, laws, or treaties of the United States."). This Court has supplemental jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C. § 1367(a).

28 U.S.C. § 1367(c), however, gives district courts discretion to decline to hear state law claims they would otherwise have supplemental jurisdiction to entertain pursuant to § 1367(a). Specifically, § 1367(c)(3) provides that a "district court[] may decline to exercise supplemental

---

[4] "Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). In order to adjudicate a case, a federal court must have subject matter jurisdiction. *Id.* While neither party raised the issue of remand here, "a federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (quoting *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 26 (3d Cir. 1981)).

jurisdiction over a claim" if "the district court has dismissed all claims over which it has original

jurisdiction." Thus, retaining supplemental jurisdiction is a matter of discretion. *Borough of West*

*Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). However, the Third Circuit has determined

that "where the claim over which the district court has original jurisdiction is dismissed before

trial, the district court must decline to decide the pendent state claims unless considerations of

judicial economy, convenience, and fairness to the parties provide an affirmative justification for

doing so." *Id.* Additionally, while the determination is discretionary, "[t]he general approach is

for a district court to . . . hold that supplemental jurisdiction should not be exercised where there

is no longer any basis for original jurisdiction. " *Shaffer v. Township of Franklin*, No. 09-347,

2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966) (encouraging federal courts to avoid "[n]eedless decisions of state law");

*Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is

that once all claims with an independent basis of federal jurisdiction have been dismissed the case

no longer belongs in federal court."). If a district court decides it will not hear the remaining state

law claims and the case has been removed from a state court, "remand to that court is a viable

alternative to a dismissal without prejudice." *Borough of West Mifflin*, 45 F.3d at 788.

Under the present circumstances, the Court finds that remand is appropriate if Plaintiff does

not file a second amended complaint curing the deficiencies discussed as to the § 1983 claim.[5] No

---

[5] While the Court is not deciding the plausibility of the state claims, it appears that the claims suffer from the same infirmities discussed in connection with the § 1983 count. Plaintiff readily admits that he is unaware of critical facts. *See, e.g.*, Am. Compl. ¶ 24 ("Plaintiff remains to the date of this Complaint without knowledge why he was placed on Administrative Leave and why he was deprived of his right to coach the Verona High School Football team.); ¶ 29 ("Plaintiff is without knowledge of the actual facts because Plaintiff has not been provided with information as to the [player] interrogations despite having requested such information on multiple occasions."). Yet, as noted, Plaintiff does make several allegations that certain Defendants made disparaging comments that hurt his reputation. But Plaintiff only pleads such allegations in a conclusory

federal cause of action remains in light of the dismissal of Count One. While remand will certainly delay decision on the remaining counts, any delay will likely be brief. Moreover, remand serves the goals of judicial economy and comity by allowing the New Jersey courts to apply New Jersey law. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to § 1367(c)(3) and will remand the action to the Superior Court of New Jersey if Plaintiff does not file a second amended complaint in this Court. *See Schaffer*, 2010 WL 715349, at *1 (declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims after plaintiffs voluntarily dismissed sole federal claim against defendant with prejudice).

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's § 1983 claim (Count One) pursuant to Rule 12(b)(6). This Count is dismissed without prejudice. Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein. Alternately, if Plaintiff chooses not to reassert a count containing a federal question, Plaintiff should notify the Court before the thirty days expire, and the Court will remand this matter to the Superior Court of New Jersey sans Count One as this Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims. An appropriate Order accompanies this Opinion.

Dated: August 29, 2019

**John Michael Vazquez, U.S.D.J.**

---

manner, failing to indicate the substance of the relevant comments.